UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RONALD CHINITZ, SARAH BUMPUS, and ROSEMARY RODRIGUEZ, individually and on behalf of a class of similarly situated persons,<br><br>*Plaintiffs*<br>v.<br><br>REALOGY HOLDINGS CORP., REALOGY INTERMEDIATE HOLDINGS, LLC, REALOGY GROUP LLC, REALOGY SERVICES GROUP LLC, REALOGY BROKERAGE GROUP LLC f/k/a NRT LLC, and MOJO DIALING SOLUTIONS, LLC,<br><br>*Defendants* | CIVIL NO. 1:20-MC-00984-RP |

## O R D E R

Before the Court are Plaintiffs' Motion to Compel Compliance with Plaintiffs' Subpoena to Non-Party Arch Telecom, Inc. (Dkt. 1) and Memorandum of Law in Support (Dkt. 2), filed September 24, 2020; Non-Party Arch Telecom, Inc.'s Motion to Quash and for Protective Order and Response to Plaintiffs' Motion to Compel, filed October 8, 2020 (Dkt. 6); and Plaintiffs' Reply, filed October 15, 2020 (Dkt. 7). The District Court referred Plaintiffs' Motion to Compel and all related filings to the undersigned for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.     Background

On June 11, 2019, Plaintiffs filed a class action lawsuit against Defendants in the United States District Court for the Northern District of California. *Chinitz v. NRT LLC*, No. 3:19-CV-03309-JD (N.D. Cal. June 11, 2019). Plaintiffs allege that Defendants violated the Telephone Consumer

Protection Act of 1991 ("TCPA") and California's Unfair Competition Law by making unwanted calls to generate real estate business. Dkt. 2-4 (Second Amended Class Action Complaint).

On June 30, 2020, Plaintiffs served a subpoena on Non-Party Arch Telecom, Inc. ("Arch"), along with 18 other non-parties, to produce certain documents from October 4, 2014 to the present related to products and services of the type allegedly used by Defendants.[1] On July 13, 2020, Arch objected to the subpoena, contending that it is overbroad, unduly burdensome, and seeks trade secrets and other irrelevant and confidential information. Dkt. 6. Plaintiffs assert that they later limited the scope of the subpoena by withdrawing Request Nos. 12-17 from their 30 Subpoena Requests and limiting the time frame to June 11, 2015 to the present. Dkt. 2 at 4; Dkt. 2-3 at 4. Plaintiffs also supplied a list of Coldwell Banker email address extensions for Arch to search. Dkt. 2 at 8. Plaintiffs now seek to compel enforcement of the subpoena, pursuant to Federal Rules of Civil Procedure 45(d)(2)(B) and 26(b)(1). While Arch contends that Plaintiffs' modified request also is improper, *see* Dkt. 6 at 8, the Court assumes that Plaintiffs' attempt to limit their subpoena is proper and considers Plaintiffs' Motion only as to Subpoena Requests Nos. 1-11 and 18-30.

## II.     Legal Standard

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Pursuant to Rule 45(c)(2)(A), a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The rule provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P.

---

[1] Plaintiff Chinitz requested the same information from Arch Telecom, Inc. in a previous lawsuit. *See Chinitz v. Intero Real Estate Servs.*, No. A-20-MC-0081-LY (W.D. Tex. Jan. 23, 2020). After the Court transferred a motion to compel in that case to the Northern District of California, Plaintiff withdrew the motion. *Chinitz v. Intero Real Estate Services*, No. 5:20-mc-80047-BLF (N.D. Cal. Feb. 19, 2020), Dkt. 5.

45(d)(2)(B)(i). The target of a Rule 45 subpoena also can file a motion to quash or modify the subpoena. Rule 45(d)(3)(A) provides in part that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."

The party objecting to a subpoena under Rule 45 bears the burden to show that the subpoena is unreasonable or unduly burdensome. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether the subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) need of the party for the documents; (3) breadth of the document request; (4) time period covered by the request; (5) particularity with which the party describes the requested documents; and (6) burden imposed. *Id.* If the document request is made to a non-party, the court also may consider the expense and inconvenience to the non-party. *Id.*

The scope of discovery through a Rule 45 subpoena is governed by Rule 26(b). *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 607 (W.D. Tex. 2019). Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa*, 392 F.3d at 820). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey*

*Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### III.   Analysis

Plaintiffs allege that third-party services like Arch provide auto dialers and lists of phone numbers to Coldwell Banker agents, enabling them to make unwanted phone calls, and that "Arch offers products and services that are specifically geared toward real estate agents." Dkt. 2 at 2; *see also id.* at 6. Plaintiffs ask the Court to order Arch to produce documents and ESI in response to Subpoena Requests Nos. 1-11 and 18-30 within ten days. Plaintiffs contend that the information they seek is relevant to their claims because it will help Plaintiffs establish: (1) that a large number of Coldwell Banker agents placed calls to a large number of individuals; (2) a central repository of the actual phone numbers that Coldwell Banker agents allegedly called using Arch's "PowerDialer" or other Arch dialers; (3) the number and identities of the proposed class members; (4) predominance of common issues among the class; and (5) the phone numbers that Coldwell Banker agents dialed. *Id.* at 6-7.

Arch argues that Plaintiffs have not provided any information linking it to the underlying case. Dkt. 6 at 1. Arch points out that Plaintiffs have sought some or all of the same information from eighteen other companies offering dialing services and products similar to those of Arch, contending that "Plaintiffs cannot demonstrate that Arch has any connection to the claims or defendants in their class action beyond gross speculation that a defendant might have used services like those Arch provides." Dkt. 6 at 7, 11; *see also* Dkt. 6-1. Arch further contends that Plaintiffs' discovery requests are overbroad and "replete with expansive requests" seeking "all documents" and "all communications."

The Court agrees that Plaintiffs have failed to demonstrate that their discovery requests are relevant by providing any facts or allegations linking Arch to Plaintiffs' claims or to the defendants

4

in the underlying action. The facts here therefore are distinguishable from the cases Plaintiffs cite, each of which concerns discovery from either a defendant or a third party implicated in a TCPA case. *See* Dkt. 2 at 6; *Taylor v. Universal Auto Grp. I, Inc.*, No. 1:14-mc-50, 2015 WL 2406071 (S.D. Ohio May 20, 2015); *Katz v. Mezzi Mktg., LLC*, No. 18-MC-2122 (NGG), 2018 WL 4087923 (E.D.N.Y. Aug. 27, 2018); *Kane v. Nat'l Action Fin. Servs., Inc.*, Civil Action No. 11-11505, 2012 WL 1658643 (E.D. Mich. May 11, 2012); *but see Hirsch v. USHealth Advisors, LLC*, No. 4:18-CV-245-P, 2020 WL 1271588, at *3 (N.D. Tex. Feb. 14, 2020), *aff'd*, 2020 WL 1271374 (N.D. Tex. Mar. 12, 2020) (holding that Rule 45 subpoenas were overbroad and irrelevant in part in TCPA class action where Plaintiffs sought information from nonparty software service vendors). Arch has met its burden to show that the subpoena presents an undue burden under the first *Wiwa* factor, the relevance of the information requested.

Turning to the third consideration, the breadth of Plaintiffs' requests, the Court finds that many of the requests are facially overbroad. Plaintiffs do not dispute Arch's assertion that there may be "tens of thousands" of Coldwell Banker agents. Dkt. 6 at 5; Dkt 7 at 2. The requests seeking "all documents," "all communications," and the like for each Coldwell Banker agent therefore are overbroad. This includes Request Nos. 1, 2, 4, 7, 11, 19, 21, 22, and 23. Similarly overbroad are Request Nos. 24-28, seeking more general documents, such as "all technical specifications . . . Concerning each dialer that is included in any of Your products or services" (No. 24).

Finally, Arch estimates that compliance with the subpoena would cost $45,000 and 600 hours of work for reasons it explains in detail, including manual review of the account of each agent. Declaration of Steve Cortez, Dkt. 6-2 ¶¶ 16-24. The Court agrees that this would impose an undue burden under the sixth *Wiwa* factor, as well as significant expense and inconvenience to non-party Arch.

## IV.   Conclusion

Based on the foregoing, Plaintiffs' Motion to Compel Compliance with Plaintiffs' Subpoena to Non-Party Arch Telecom, Inc. (Dkt. 1) is **DENIED**. Arch Telecom Inc.'s Motion to Quash and for Protective Order (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the Motion to Quash but **DENIES** Arch's request for attorney's fees and costs.

**SIGNED** on October 22, 2020.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE